# EXHIBIT 1

21TRCV00877

Assigned for all purposes to: Torrance Courthouse, Judicial Officer: Gary Tanaka

Electronically FILED by Superior Court of California, County of Los Angeles on 12/02/2021 03:42 PM Sherri R. Carter, Executive Officer/Clerk of Court, by T. Rhodes,Deputy Clerk

1   **MCFARLIN LLP**
    Timothy G. McFarlin (State Bar No. 223378)
2   Email: tim@mcfarlinlaw.com
    Fernando Leone (State Bar No. 147933)
3   Email: fernando@mcfarlinlaw.com
    4 Park Plaza, Suite 1025
4   Irvine, California 92614
    Telephone: (949) 544-2640
5   Fax: (949) 336-7612

6   Attorneys for Plaintiffs
    NOVA DONALD JAMES NOVOBILSKI and
7   CATHY NOVOBILSKI

8

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                **FOR THE COUNTY OF LOS ANGELES**

11

12   NOVA DONALD JAMES                  Case No.    **21TRCV00877**
     NOVOBILSKI, an Individual; and
13   CATHY NOVOBILSKI, an Individual;

14            Plaintiffs,               **VERIFIED COMPLAINT FOR:**

15            v.                        **(1) VIOLATION OF THE FEDERAL AND
                                             ROSENTHAL FAIR DEBT**
16   SPECIALIZED LOAN SERVICING,            **COLLECTIONS PRACTICES ACT [CA**
     LLC, a Delaware Limited Liability      *Civil Code* **§ 1788.1,** *et seq***];**
17   Company; AFFINIA DEFAULT
     SERVICES, LLC; a Florida Limited   **(2) VIOLATION OF THE TRUTH IN
18   Liability Company; and DOES 1 through    LENDING ACT;**
     100; Inclusive,
19                                       **(3) VIOLATION OF** *CALIFORNIA CIVIL*
              Defendants.                    *CODE* **§ 2924.17;**
20
                                         **(4) PROMISSORY ESTOPPEL;**
21
                                         **(5) NEGLIGENT MISREPRESENTATIONS;**
22
                                         **(6) WRONGFUL FORECLOSURE; AND**
23
                                         **(7) UNFAIR BUSINESS PRACTICES – CAL.**
24                                           *BUS. & PROF. CODE* **§ 17200;**

25

26

27

28

-1-

VERIFIED COMPLAINT

Comes now Plaintiffs NOVA DONALD JAMES NOVOBILSKI and CATHY NOVOBILSKI (collectively "Plaintiffs"), who complain and allege as follows:

**PARTIES**

1.      NOVA DONALD JAMES NOVOBILSKI and CATHY NOVOBILSKI are, and at all times relevant hereto were, individuals who reside at 22419 Linda Drive, Torrance, CA 90504 (the "Property").  At all relevant times, the Property is the Plaintiffs' principal residence and home.

2.      Plaintiffs are informed and believe and upon that basis allege that Defendant SPECIALIZED LOAN SERVICING, LLC ("SLS"), is and, at all times relevant hereto was, a Delaware limited liability company doing business in the judicial district.

3.      Plaintiffs are informed and believe and upon that basis allege that Defendant AFFINIA DEFAULT SERVICES, LLC ("Affinia Default"), is and, at all times relevant hereto was, a Florida Limited Liability Company doing business in the judicial district.

4.      The true names and capacities of defendants named herein as DOES 1 through 100 are unknown to Plaintiffs at this time, who therefore sues said defendants by such fictitious names. Plaintiffs will seek leave of Court to amend this Complaint to insert the true names and capacities of such fictitiously-named defendants when they have been ascertained.  Plaintiffs are informed and believe and upon that basis allege that such defendants are liable for the injuries to Plaintiffs hereinafter alleged.

5.      Plaintiffs are informed and believe and upon that basis allege that the defendants named as DOES 1 through 100 are individuals and/or unknown entities that reside and/or conduct business within this judicial district, and claiming an interest in the Property.

6.      Plaintiffs are informed and believe and upon that basis allege that the defendants named as DOES 1 through 100 are responsible in some manner for the occurrences hereinafter alleged, and that Plaintiffs' damages were proximately caused by these defendants.

///

///

///

///

- 2 -

7.     At all relevant times to this action, the defendants, and each of them, acted in concert with, and/or was the agent, partner, affiliate, joint venturer, co-conspirator, aider and abettor, servant, associate, representative, predecessor-in-interest and/or successor-in-interest of the other, and in engaging in the acts, omissions and occurrences hereinafter alleged, the defendants, and each of them, were acting in concert with and within the course and scope of their authority as agent, partner, affiliate, joint venturer, co-conspirator, aider and abettor, servant, associate, representative, predecessor-in-interest and/or successor-in-interest of the other.

**JURISDICTION AND VENUE**

8.     This is an action for injunctive and declaratory relief, and damages against SLS and Affinia Default (collectively, "Defendants") for Violation of the Federal and Rosenthal Fair Debt Collections Practices Act, Violation of the Truth in Lending Act, Violation of California Civil Code § 2924.17, violation of the Promissory Estoppel, Negligent Misrepresentation, Wrongful Foreclosure, and Unfair Business Practices.

9.     This Court has subject-matter jurisdiction over the causes of action alleged in this Complaint because this Court is a court of general subject-matter jurisdiction and is not otherwise excluded from exercising subject-matter jurisdiction over said causes of action.

10.     This Court has personal jurisdiction over Defendants because each Defendant resides in, is incorporated in, has its main place of business in, and/or conducts business in the State of California, and a substantial portion of the acts, omissions, events, and transactions constituting the causes of action alleged herein occurred within the State of California. California *Civil Code Procedure* § 410.10.

11.     This Court is the appropriate venue for this action under California *Civil Code Procedure* §§395 and 395.5, because the acts that give rise to the causes of action alleged herein occurred in the County of Los Angeles, State of California.  Plaintiffs hereby designate the County of Los Angeles, State of California, as the place of proper venue.

///

///

///

- 3 -

VERIFIED COMPLAINT

**GENERAL ALLEGATIONS**

12.     On or around May 9, 2006, Plaintiffs entered into a home mortgage with National City Bank of Indiana ("National City Bank") (the "Loan "). National City Bank agreed to loan the Plaintiffs a sum of $190,000.00 secured by the Property through a second position Deed of Trust, then and now the primary residence and home for Plaintiffs and their family. National City Bank was the named beneficiary and the trustee under the Deed of Trust. A true and correct copy of the Deed of Trust is attached and incorporated hereto as Exhibit A.

13.     Plaintiffs were able to maintain their mortgage payments on the Loan, at which time they experienced a financial hardship due to the mortgage and financial crisis. As a result thereof, Plaintiffs began to fall behind on their mortgage payments.

14.     Plaintiffs' loan was underwater and became unsecured.

15.     On or around June 23, 2021, Affinia Default, on behalf of SLS, recorded a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default" or "NOD") on Plaintiffs' Property. However, Plaintiffs were never provided with any notice or recording informing Plaintiffs that the previous trustee, National City Bank, had assigned, transferred, or sold its rights as the trustee under the Deed of Trustee to Affinia Default. As such, the Notice of Default was recorded in violation of California *Civil Code* § 2924, *et seq*. A true and correct copy of the Notice of Default is attached and incorporated hereto as Exhibit B.

16.     Plaintiffs never received a letter from SLS informing them that they were now servicing the loan.

17.     Shortly thereafter, Plaintiffs contacted SLS to attempt to confirm the debt. Plaintiffs continuously called SLS to request the documents that would authenticate the loan; however, Plaintiffs were never provided the documents.

18.     Plaintiffs then again reached out to SLS to request further information to get the documents authenticating the debt and to discuss their loss mitigation options.

19.     SLS never responded to Plaintiffs or gave them loss mitigation information, so Plaintiffs resorted to civil court for relief from the impending wrongful foreclosure.

///

- 4 -

20.     A controversy has arisen between Plaintiffs and Defendants because of Defendants' negligent misrepresentations preventing Plaintiffs from curing their default and extinguishing the transaction by operation of law.

21.     The foregoing acts and material omissions of the Defendants were undertaken willfully, persistently, intentionally, knowingly, and/or in gross or reckless disregard of Plaintiffs' notice and disclosure rights.  Defendants are acting in concert to deprive Plaintiffs of their civil rights by attempting to take their Property without due process of law.

## FIRST CAUSE OF ACTION
### (Violation of the Federal and Rosenthal Fair Debt Collection Practice Act Against All Defendants)

22.     Plaintiffs incorporate by reference, as though fully set forth, paragraphs 1 through 21 of this Complaint.

23.     SLS is a debt collector as defined by both the FDCPA and the Rosenthal Fair Debt Collections Practices Act.

24.     The FDCPA prohibits a debt collector from making a false representation of the amount, character or status of a debt.

25.     SLS misrepresented the amount of the debt by including interest and fees that it is federally prohibited from collecting on the Plaintiffs' loan in its reinstatement calculation, which was included in the recorded notice of default.

26.     SLS has made other false statements to Plaintiffs regarding the amount of the Plaintiffs' debt.

27.     The Rosenthal Fair Debt Collections Practices Act requires debt collectors to comply with the requirements of the FDCPA.

28.     SLS has violated the FDCPA, and by extension, California's Rosenthal Fair Debt Collections Practices Act.

29.     SLS's conduct entitles the Plaintiffs to actual and statutory damages, as well as recovery of their attorney's fees and costs.

///

///

- 5 -

1

2

**SECOND CAUSE OF ACTION**

**(Violation of the Truth in Lending Act Against All Defendants)**

3   30.   Plaintiffs incorporate by reference, as though fully set forth, paragraphs 1 through 29 of this

4   Complaint.

5   31.   Under Federal Law, a lender/servicer is required to provide monthly statements unless a

6   loan is in active bankruptcy or charged off. 12 CFR § 1026.41. Furthermore, Regulation Z statutes

7   apply to "HELOC" second mortgages: 12 CFR § 1026.7 (requirement to send monthly mortgage

8   statements) and 12 CFR 1026.5(b)(2) (charge off requires them to stop accruing fees and interest).

9   Plaintiffs have not received any statement on their loan in a number of years.

10   32.   Plaintiffs are informed and believe, and thereupon allege that the subject second loan was

11   charged off. If the loan was charged off, SLS has illegally accrued interest and other fees on the

12   loan for the duration of the time the loan was charged off, in violation of 12 CFR 1026.5(b)(2)

13   (charge off requires them to stop accruing fees and interest).

14   33.   However, in the alternative, if the loan was in fact not actually charged off as Plaintiffs

15   were advised, SLS, and its predecessors in interest (as well as the current beneficiary and its

16   predecessors in interest) have violated TILAs monthly statement mandate. 12 CFR § 1026.41 and

17   12 CFR § 1026.7

18   34.   In either scenario aforementioned, TILA entitles Plaintiffs to statutory damages, actual

19   damages and her attorney's fees and costs incurred.

20

21

**THIRD CAUSE OF ACTION**

**(Violation of California *Civil Code* § 2924.17 Against All Defendants)**

22   35.   Plaintiffs incorporate by reference, as though fully set forth, paragraphs 1 through 34 of

23   this Complaint.

24   36.   California *Civil Code* § 2924.17 provides that before recording or filing a notice of default,

25   a notice of sale, as well as other specified documents, "a mortgage servicer shall ensure that it has

26   reviewed competent and reliable evidence to substantiate the borrower's default and the right to

27   foreclose, including the borrower's loan status and loan information." Cal. *Civ. Code* § 2924.17(b).

28   ///

- 6 -

37.     If a trustee's deed upon sale has not been recorded, a borrower may bring an action for injunctive relief to enjoin a material violation of § 2924.17. Cal. *Civ. Code* § 2924.12(a). While actual and statutory damages may only be recovered after a trustee's deed upon sale is recorded, the court may award a prevailing borrower reasonable attorney's fees and costs. Cal. *Civ. Code* § 2924.12(i).

38.     Here, SLS failed to properly calculate the amount due and owing under Plaintiffs' loan, considering SLS and the beneficiary are prohibited from accruing interest and fees on the loan for the time it was charged off.

39.     SLS has but they charged interest and other fees for the time the loan was charged off, in violation of Federal Law.

40.     SLS failed to review "competent and reliable evidence" in providing the information that it included in the recorded notice of default.

41.     Specifically, the notice of default contains an illegally inflated amount required to reinstate the loan.

42.     This reinstatement amount is only possible if the lender and SLS have continued to accrue interest on the loan during charge-off, in violation of TILA.

43.     Ostensibly, when SLS took over servicing on the loan, it could see from the transferred loan file that no statements had been sent on this loan in many years, and that the loan had been Charged off.

44.     SLS should have ensured that it calculated the amount due and owing in accordance with the requirements of TILA.

45.     SLS failed to do so, which entitles Plaintiffs to injunctive relief.

46.     Plaintiffs have been required to retain an attorney to prosecute this claim, and is entitled to recover their attorney's fees and costs.

///

///

///

///

- 7 -

**FOURTH CAUSE OF ACTION**

**(Promissory Estoppel Against Defendant SLS)**

47.     Plaintiffs incorporate by reference, as though fully set forth, paragraphs 1 through 46 of this Complaint.

48.     As alleged above, SLS agreed to send the Plaintiffs documentation confirming the debt and providing Plaintiffs with loss mitigation options. Plaintiffs relied upon the promises made by SLS, and forwent alternative loans and refinancing for the Property and to the underlying Loans secured by the Property, in reliance upon the promises made by SLS.

49.     SLS breached the terms of its promises by not honoring the promises made to Plaintiffs, and by initiating the non-judicial foreclosure process on Plaintiffs' Property.

50.     Plaintiffs actually relied upon the promises of Defendants by foregoing alternative refinancing for the Property.

51.     Plaintiffs' reliance upon Defendant's promises were reasonable and foreseeable, as SLS was the successor beneficiary under the Deed of Trust.

52.     Plaintiffs have been injured to their detriment, by relying on the promises made by SLS. Plaintiffs now faces the imminent loss of title and possession to their Property.

53.     As Plaintiffs face loss of title to the Property and the imminent loss of possession to their home, an injustice which can only be avoided by enforcing the agreement with SLS.

**FIFTH CAUSE OF ACTION**

**(Negligent Misrepresentation Against SLS)**

54.     Plaintiffs incorporate by reference, as though fully set forth, paragraphs 1 through 53 of this Complaint.

55.     Plaintiffs are informed and believe and upon that basis allege that Defendants, through their agents and employees, made representations to Plaintiffs that they knew or should have known were false, or had no reasonable grounds to believe were true, as described above. The representations were, in fact, false.

56.     At the time of the representations, Plaintiffs were ignorant of the falsity of such representations, and believed them to be true.

- 8 -

57.     Plaintiffs actually and reasonably relied on the representations made by Defendants and/or their agents and employees.

58.     As a direct result of the above-mentioned misrepresentations, Plaintiffs have been and continue to be damaged in an amount to be proven at trial, but in no event less than the jurisdictional amount.  Plaintiffs will seek leave of Court to amend this Complaint once the full amount of Plaintiffs' damages has been ascertained.

## SIXTH CAUSE OF ACTION

### (Wrongful Foreclosure Against All Defendants)

59.     Plaintiffs incorporate by reference, as though fully set forth, paragraphs 1 through 58 of this Complaint.

60.     Defendants cannot prove that the non-judicial foreclosure proceedings have complied with the statutory requirements of California *Civil Code* § 2924, *et seq.*  As set forth above, Defendants have failed to comply with the requirements of California *Civil Code* § 2924, *et seq.*

61.     Because Defendants and its authorized representatives failed to comply with the requirements of the Notice of Default provisions of California *Civil Code* § 2924, *et seq.* and were violated.  There was no subsequent incidental right to enforce any deed of trust and proceed with a non-judicial foreclosure.

62.     As a direct and proximate result of Defendants' conduct, Plaintiffs have been injured in an amount not presently known, but in an amount within the jurisdiction of this Court.

## SEVENTH CAUSE OF ACTION

### (California *Bus. & Prof. Code* § 17200, *et seq.* Claims Against All Defendants)

63.     Plaintiffs incorporate by reference, as though fully set forth, paragraphs 1 through 62 of this Complaint.

64.     Plaintiffs brings this action as a private attorney general acting on their own behalf, pursuant to California *Business and Professions Code* § 17200, *et seq.*, referred to as the Unfair Competition Law (the "Unfair Competition Law" or "UCL").

65.     Plaintiffs are acting in this capacity to remedy the ongoing unlawful, unfair and fraudulent business practices alleged herein, and to seek injunctive relief and restitution.

- 9 -

66.     The foregoing acts and omissions of Defendants affect trade and commerce as those terms are defined under the UCL.

67.     Plaintiffs have standing to bring this suit under a UCL Claim because Defendants have harmed Plaintiffs by wrongfully initiating the foreclosure process against Plaintiffs.

68.     The UCL defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice and provides that a court may order injunctive relief and restitution to affected parties as a remedy for any violations of the UCL.

69.     Beginning on the dates indicated and at all times relevant herein, Defendants and the DOE Defendants have committed acts of unfair competition proscribed by the UCL including the practices alleged herein against Plaintiffs.

70.     At all relevant times, SLS failed to provide Plaintiffs with any periodic mortgage statements for the underlying Loan and have attempted to steal Plaintiffs' home without any notice or disclosure of the purported debt.

71.     Moreover, Defendants have been systematically violating the provisions of California *Civil Code* § 2924, *et seq.*, as it pertains to their obligations under the Deed of Trust and proceeding with a non-judicial foreclosure.

72.     The Notice of Default recorded and filed by SLS and Affinia Default, the beneficiary, or their agents, was wrongful and in violation of California *Civil Code* § 2924, *et seq.*

73.     These violations are and were a matter of their standard corporate policy, and constitute a consistent pattern and practice of unlawful corporate behavior.  Defendants' actions were against public policy.

74.     The business acts and practices of these Defendants, as hereinabove alleged, constitute "unlawful" business practices under UCL in that, for the reasons set forth above, said acts and practices violate the provisions of California *Civil Code* § 2924, *et seq.* and Defendants' fiduciary duties.

///

///

///

- 10 -

75.     The business acts and practices of these Defendants, as hereinabove alleged, constitute "unfair" business practices under UCL in that said acts and practices offend public policy and are substantially injurious to Plaintiffs and all consumers.  Said acts and practices have no utility whatsoever, much less sufficient utility to outweigh the substantial harm to Plaintiff and other consumers, and potential homeowners.

76.     Defendants made one or more misrepresentations and failed to make accurate representations and/or failed to provide material information about the transaction set forth above.

77.     Specifically, Defendants processed and ratified the Loan, substantially failed to deliver material disclosures under California *Civil Code* § 2924, *et seq.*, and failed to do so with statutory good faith and fair dealing.

78.     Defendants have failed to record any transfers of interest between the beneficiaries, trustees before the non-judicial foreclosure process was initiated under California *Civil Code* § 2932.5.

79.     Said misrepresentations and failure to make accurate representations were made knowingly or with reason to know that Plaintiffs would rely thereon.

80.     Said misrepresentations and failure to make accurate representations were made with intent and Plaintiffs relied thereon by seeking legal counsel and filing this suit against Defendants.

81.     Plaintiffs reasonably relied, as specified, on these factual allegations.

82.     Plaintiffs were thereby damaged and have a substantial ascertainable loss.

83.     The business acts and practices of Defendants, as hereinabove alleged, constitute "fraudulent" business practices under UCL in that said acts and practices are likely to deceive the public and affected consumers' legal rights and obligations. Indeed, Defendants' acts, including but not limited to active deception, falsifying documents, failing to deliver material documents, and concealment, may preclude consumers from exercising legal rights to which they are entitled.

84.     The unlawful, unfair and fraudulent business acts and practices of Defendants described herein present a continuing threat to members of the General Public and to Plaintiffs in that Defendants and the DOE Defendants are currently engaging in such acts and practices, and will persist and continue to do so unless and until an injunction is issued by this Court.

///

- 11 -

1    85.    Pursuant to California *Business and Professions Code* § 17203, Plaintiffs seek an order

2    enjoining Defendants from engaging in the acts and practices as hereinabove alleged, and an order

3    that Defendants provide appropriate restitution to Plaintiffs.

4                                    **PRAYER FOR RELIEF**

5          WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

6          1.    General damages in an amount to be proven at trial;

7          2.    Special damages in an amount to be proven at trial;

8          3.    For disgorgement of profits;

9          4.    For an order enjoining defendants from taking any action to sell the Property;

10         5.    For pre and post judgment interest;

11         6.    For punitive damages;

12         7.    For costs of suit; and,

13         8.    For such other and further relief as the Court may deem just and proper.

14

15   DATED: December 2, 2021                          **MCFARLIN LLP**

16

17                                       By:    _____

18                                              Timothy G. McFarlin
                                                Fernando Leone
19                                              Attorneys for Plaintiffs
                                                NOVA DONALD JAMES NOVOBILSKI
                                                and CATHY NOVOBILSKI

20

21

22

23

24

25

26

27

28

                                         - 12 -

**VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I have read the foregoing **VERIFIED COMPLAINT** and know its contents.

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

Executed on December 2, 2021 at _____Torrance_____, California

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

NOVA DONALD JAMES NOVOBILSKI

## VERIFICATION

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I have read the foregoing **VERIFIED COMPLAINT** and know its contents.

I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

Executed on <u>December 2, 2021</u> at <u>Torrance</u>, California

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

CATHY NOVOBILSKI

# EXHIBIT A

Case 2:22-cv-00147-MEMF-MAR Document 1-1 Filed 01/07/22 Page 17 of 33 Page ID #:25



This page is part of your document - DO NOT DISCARD

**06 1107289**

RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA
**05/19/06 AT 08:00am**

TITLE(S) :



L E A D   S H E E T

FEE

FEE $ W
DAF $ 4
C-20

9
27

D.T.T.

NOTIFICATION SENT-$4

CODE
20

CODE
19    NCPF Code 19   $

CODE
9

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.    Number of AIN's Shown





THIS FORM IS NOT TO BE DUPLICATED

**CALIFORNIA TITLE COMPANY**

Recording Requested By:

RAINI LOPEZ
Return To:

**06 1107289**

National City Bank of Indiana
P.O. Box 8800
Dayton, OH 45401-8800

Prepared By:

0004680969

# DEED OF TRUST AND REQUEST FOR NOTICE OF DEFAULT

THIS DEED OF TRUST is made this    **9**    day of   **May**      **2006**   , among the Trustor,

CATHY NOVOBILSKI and NOVA DONALD JAMES NOVOBILSKI   AND   CATHY NOVOBILSKI
HUSBAND AND WIFE AS COMMUNITY PROPERTY WITH RIGHT OF SURVIVORSHIP

, whose address is

22419 LINDA DR TORRANCE, California 90505

(herein "Borrower"),

          NATIONAL CITY BANK OF INDIANA      (herein "Trustee"), and the Beneficiary,
National City Mortgage a division of
National City Bank of Indiana
a    National Banking Association                organized and existing under the laws of
   United States                                 , whose address is
   3232 Newmark Drive, Miamisburg, OH   45342         (herein "Lender").
     BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants and conveys
to Trustee, in trust, with power of sale, the following described property located in the County of   **Los Angeles**
                         , State of California:                   **See Attached**
AS PER LEGAL DESCRIPTION, ATTACHED HERETO AND MADE A PART HEREOF     **Balloon Rider**

**SEE EXHIBIT "A"**
APN: 7515-008-038                         **ATTACHED**

Parcel ID Number:
which has the address of    **22419 LINDA DR**                                   [Street]
   **TORRANCE**                   [City], California    **90505**      [ZIP Code] (herein "Property Address"),

**CALIFORNIA** - SECOND MORTGAGE - 1/80 - **FNMA/FHLMC UNIFORM INSTRUMENT**

NATL076(CA) (0510)       **Form 3805**
                 **Amended 9/89**
Page 1 of 7          Initials:
   VMP Mortgage Solutions, Inc.

**06 1107289**



*3*

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), all of which shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are hereinafter referred to as the "Property";

TO SECURE to Lender the repayment of the indebtedness evidenced by Borrower's note dated  May 9,
2006                                                        and extensions and renewals thereof (herein "Note"), in the principal sum of
U.S. $     190,000.00     , with interest thereon, providing for monthly installments of principal and interest, with the
balance of the indebtedness, if not sooner paid, due and payable on        June 1, 2021          ; the payment
of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; and the
performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender

**NATL076(CA)** (0510)                        Page 2 of 7

06  1107289

Initials: _____

Form 3805

4

and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed of Trust. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has a priority over this Deed of Trust.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed of Trust granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed of Trust by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed of Trust, but does not execute the Note, (a) is co-signing this Deed of Trust only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed of Trust, (b) is not personally liable on the Note or under this Deed of Trust, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed of Trust or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed of Trust as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed of Trust shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of federal law to this Deed of Trust. In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall

06 1107289

Initials.

Form 3805

not affect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed of Trust and the Note are declared to be severable. As used herein, "costs," "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and this Deed of Trust at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Deed of Trust. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Deed of Trust.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Deed of Trust. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Deed of Trust without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed of Trust, including the covenants to pay when due any sums secured by this Deed of Trust, Lender, prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed of Trust and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option may declare all of the sums secured by this Deed of Trust to be immediately due and payable without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which the Property or some part thereof is located. Lender or Trustee shall mail copies of such notice in the manner prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the lapse of such time as may be required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Trustee may determine. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or Lender's designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property so sold without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed of Trust; and (c) the excess, if any, to the person or persons legally entitled thereto.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed of Trust due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed of Trust discontinued at any time prior to five days before sale of the Property pursuant to the power of sale contained in this Deed of Trust or at any time prior to entry of a judgment enforcing this Deed of Trust if: (a) Borrower pays Lender all sums which would be then due under this Deed of Trust and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed of Trust; (c) Borrower pays all reasonable expenses incurred by Lender and Trustee in enforcing the covenants and agreements of Borrower contained in this Deed of Trust, and in enforcing Lender's and Trustee's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed of Trust, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed of Trust shall continue unimpaired. Upon such payment and cure by Borrower, this Deed of Trust and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.



**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Reconveyance.** Upon payment of all sums secured by this Deed of Trust, Lender shall request Trustee to reconvey the Property and shall surrender this Deed of Trust and all notes evidencing indebtedness secured by this Deed of Trust to Trustee. Trustee shall reconvey the Property without warranty and to the person or persons legally entitled thereto. Such person or persons shall pay all costs of recordation, if any.

**21. Substitute Trustee.** Lender, at Lender's option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county where the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Instrument is recorded and the name and address of the successor trustee. The successor trustee shall, without conveyance of the Property, succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable law. The procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**22. Request for Notices.** Borrower requests that copies of the notice of default and notice of sale be sent to Borrower's address which is the Property Address. Lender requests that copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust be sent to Lender's address, as set forth on page one of this Deed of Trust, as provided by Section 2924(b) of the Civil Code of California.

**23. Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

### REQUEST FOR NOTICE OF DEFAULT
─── AND FORECLOSURE UNDER SUPERIOR ───
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Deed of Trust to give Notice to Lender, at Lender's address set forth on page one of this Deed of Trust, of any default under the superior encumbrance and of any sale or other foreclosure action.

In accordance with Section 2924b, Civil Code, request is hereby made that a copy of any notice of default and a copy of any notice of sale under the deed of trust (or mortgage) recorded _____ , in Book

_____ , Page _____ , records of

_____ County, or filed for record with recorder's serial number

Los Angeles County, California, executed by

CATHY NOVOBILSKI and NOVA DONALD JAMES NOVOBILSKI
HUSBAND AND WIFE AS COMMUNITY

as trustor (or mortgagor) in which National City Mortgage a division of

National City Bank of Indiana
is named as beneficiary (or mortgagee) and

as trustee

be mailed to             NATIONAL CITY BANK OF INDIANA
at

Form 3805

**06 1107289**

90/61/80

7

NOTICE: A copy of any notice of default and of any notice of sale will be sent only to the address contained in this recorded request. If your address changes, a new request must be recorded.

_____
Lender Representative

State of California
County of *Los Angeles*
On *May 10, 2006*                    , before me *Christy Cummings* *notary public,*                    personally appeared

, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

*Christy Cummings*
Notary Public

IN WITNESS WHEREOF, Borrower has executed this Deed of Trust.

_____  (Seal)        _____  (Seal)
CATHY NOVOBILSKI                          -Borrower      NOVA DONALD JAMES NOVOBILSKI                -Borrower


_____  (Seal)        _____  (Seal)
HUSBAND AND WIFE AS COMMUNITY             -Borrower                                                  -Borrower
*property with right of survivorship*


_____  (Seal)        _____  (Seal)
                                          -Borrower                                                  -Borrower


_____  (Seal)        _____  (Seal)
                                          -Borrower                                                  -Borrower

*[Sign Original Only]*

NATL076(CA) (0510)                    Page 6 of 7                    Form 3805

06 1107289

8

**State of California**
**County of** *Los Angeles* } ss.

On *May 10·2006*     before me, *Christy cummings. notary public*
*Nora· Donald James Novobilski and Cathy Novobilski ···* personally appeared

, personally known to me
(or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by her/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument. WITNESS my hand and official seal.

(This area for official notarial seal)

*Christy Cummings* ___ (Seal)

```
CHRISTY CUMMINGS
Commission # 1574699
Notary Public - California
Los Angeles County
My Comm. Expires Apr 30, 2009
```

05/19/06

**NATL076(CA)** (0510)          Page 7 of 7          Initials          Form 3805

**06 1107289**

0004680969

9

BALLOON ADDENDUM TO MORTGAGE, DEED OF TRUST OR SECURITY DEED

Date __May 9, 2006__

1. BORROWER(S) __CATHY NOVOBILSKI__

Property Address __22419 LINDA DR__

__TORRANCE California 90505__

2. DEFINED TERMS; ADDENDUM A PART OF THE SECURITY INSTRUMENT. "Addendum" means this Balloon Addendum to Mortgage, Deed of Trust or Security Deed which is attached to, made a part of and amends and supplements the Mortgage, Deed of Trust or Security Deed ("Security Instrument") which Borrower(s) gave to __National City Mortgage a division of__

__National City Bank of Indiana__ ("the Lender") and which is dated the same date as this Addendum. The Security Instrument secures the Note and Security Agreement ("Note") and covers the property described therein located at the address set forth above. The term "the Lender" includes Lender's successors and assigns. In the event there are any conflicts between this Addendum and the Security Instrument or the Note, the provisions of the Addendum will control.

3. BALLOON NOTE. The final payment due under the Note is larger than the previous monthly payments. The final payment includes a substantial payment of principal. The Note is commonly called a "balloon note."

4. BALLOON NOTE AGREEMENT. Borrower(s) understand and agree as follows:

THIS LOAN IS PAYABLE IN FULL ON THE MATURITY DATE SET FORTH IN THE SECURITY INSTRUMENT. THE BORROWER MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN, UNPAID INTEREST AND OTHER SUMS THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. THE BORROWER WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT THE BORROWER MAY OWN, OR THE BORROWER WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER THE BORROWER HAS THIS LOAN WITH, WILLING TO LEND THE BORROWER THE MONEY. IF THE BORROWER REFINANCES THIS LOAN AT MATURITY, THE BORROWER MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF THE BORROWER OBTAINS REFINANCING FROM THE SAME LENDER.

5. SIGNATURES. BORROWER HAS READ AND AGREES TO ALL PROVISIONS OF THIS ADDENDUM

| CATHY NOVOBILSKI | x _Cathy Novobilski_ |
| Type or print name | Signature |

| | X_____ |
| Type or print name | Signature |

| | X_____ |
| Type or print name | Signature |

| | X_____ |
| Type or print name of | Signature |

IN2BMTG                                                                          (02/05)

06 1107289

05/19/06

*10*

Order No. 06-41622-01

## Exhibit "A"

Lot 162, of Tract No. 17330, in the City of Torrance, County of Los Angeles, State of California, as per map recorded in book 430, page(s) 44 to 46 inclusive of Maps, in the Office of the County Recorder of said County.

Except therefrom all oil, gas, mineral, and other hydrocarbons, as reserved and/or granted in the document(s) recorded January 23, 1953 in book 40913, page(s) 121, Official Records.

05/19/06

**06 1107289**

# EXHIBIT B




This page is part of your document - DO NOT DISCARD

# 20210985805




**Pages:**
**0005**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**06/23/21 AT 08:00AM**

| | |
|---|---|
| FEES: | 36.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 111.00 |



**LEADSHEET**

202106230240046

00020718825

012360922

**SEQ:**
**01**

SECURE - 8:00AM



**THIS FORM IS NOT TO BE DUPLICATED**



210138348 RP

RECORDING REQUESTED BY:
**LPS Default Title & Closing**
**3220 El Camino Real**
**Irvine, CA 92602**

WHEN RECORDED MAIL TO:
**Affinia Default Services, LLC**
**301 E. Ocean Blvd. Suite 1720**
**Long Beach, CA 90802**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

APN: 7515-008-038   TS No.: 9462-7085   **TSG ORDER No.:210138348-CA-VOI**

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST
## IMPORTANT NOTICE

### 違約通知

注：本文件包含一个信息摘要

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

### 채무 불이행 통지서

참고사항: 본 첨부 문서에 정보 요약서가 있습니다

### AVISO DE INCUMPLIMIENTO
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACION DE ESTE DOCUMENTO

### PABATID NG HINDI PAGKAKABAYAD

### THÔNG BÁO VỀ VIỆC QUÁ HẠN TRẢ NỢ
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP

**(The above statement is made pursuant to CA Civil Code Section 2923.3(c)(1). The Summary will be provided to Trustor(s) and/or vested owner(s) only, pursuant to CA Civil Code Section 2923.3(c)(2).)**

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to

the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$130,592.76** as of **06/17/2021**, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and Deed of Trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and Deed of Trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things. (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**Specialized Loan Servicing LLC**
**c/o Affinia Default Services, LLC**
**301 E. Ocean Blvd. Suite 1720**
**Long Beach, CA 90802**
**Attn: Foreclosure Dept.**
**Phone: 833-290-7452**
**Fax: 562-983-5379**

**If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.**

## REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That Affinia Default Services, LLC is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 05/09/2006, executed by NOVA DONALD JAMES NOVOBILSKI AND CATHY NOVOBILSKI HUSBAND AND WIFE AS COMMUNITY PROPERTY WITH RIGHT OF SURVIVORSHIP, as Trustor(s), to secure certain obligations in favor of NATIONAL CITY MORTGAGE A DIVISION OF NATIONAL CITY BANK OF INDIANA, as beneficiary, recorded on 05/19/2006 as Document No.: 06-1107289, of Official Records in the Office of the Recorder of Los Angeles County, California describing land therein as: As more fully described

on said Deed of Trust.

Included among these obligations is one Note(s) for the original sum of **$190,000.00** that that beneficial interest under such Deed of Trust and the obligations secured thereby presently held by the beneficiary or its agent; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of:

**Installment of Principal and Interest which became due on 04/30/2009, plus impounds and/or advances together with late charges, and all subsequent installments of principal, interest, plus impounds and/or advances and late charges and any reoccurring obligation that become due, including trustee's fees and expenses.**

That by reason therefore, the present beneficiary under such Deed of Trust has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

**NOTHING IN THIS NOTICE SHALL BE CONSTRUED AS WAIVER OF ANY OTHER FEES OWING TO THE BENEFICIARY, OR OTHER DEFAULT BY THE TRUSTOR, PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.**

**The beneficiary, mortgage servicer, or agent of beneficiary or mortgage servicer declares that it has complied with California Civil Code Section 2923.5. and/or 2923.55, wherever applicable. The Declaration is attached.**

**Dated: June 17, 2021**

**Affinia Default Services, LLC, as Trustee for the Beneficiary**

**By:** _____
Omar Solorzano, Foreclosure Associate

This communication is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you have received a discharge of the debt referenced herein in a bankruptcy proceeding, this is not an attempt to impose personal liability upon you for payment of that debt. In the event you have received a bankruptcy discharge, any action to enforce the debt will be taken against the property only.

## CALIFORNIA DECLARATION OF COMPLIANCE
### (CAL. CIV. CODE § 2923.55)

Borrower(s): CATHY NOVOBILSKI, NOVA DONALD JAMES NOVOBILSKI

Property Address: 22419 LINDA DR, TORRANCE, CA 90505

T.S No.: 9462-7085

The undersigned, as an authorized agent or employee of the below mortgage servicer, declares as follows:

1. ☐ The mortgage servicer has contacted the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure as required by California Civil Code § 2923.55(b)(2). Thirty days have passed since the initial contact was made.

2. ☐ The mortgage servicer has tried with due diligence to contact the borrower as required by California Civil Code § 2923.55(f) but has not made contact despite such due diligence. Thirty days have passed since these due diligence efforts were satisfied.

3. ☐ No contact was required because the individual did not meet the definition of "borrower" under California Civil Code § 2920.5(c).

4. ☑ The requirements of California Civil Code § 2923.55 do not apply because the loan is not secured by a first lien mortgage or deed of trust on "owner-occupied" or qualifying tenant-occupied residential real property as defined by California Civil Code § 2924.15.

Additionally, pursuant to California Civil Code § 3273.10:

1. ☑ The mortgage servicer has not denied the borrower a forbearance request on or after 9/1/2020.

2. ☐ The mortgage servicer was unable to approve the borrower's request for a forbearance on or after 9/1/2020, and a forbearance was not subsequently provided. A copy of the notice is attached.

3. ☐ The mortgage servicer was unable to approve the borrower's request for a forbearance on or after 9/1/2020, however, a forbearance was subsequently provided. A copy of the approval notice is attached.

4. ☐ The requirements of California Civil Code § 2923.55 do not apply because the loan is not secured by a first lien mortgage or deed of trust on "owner-occupied" or qualifying tenant – occupied residential real property as defined by California Civil Code § 2924.15.

5. ☐ The mortgage servicer is in compliance with California Civil Code § 3273.10 because the mortgage servicer has complied with the relevant provisions regarding forbearance in Section 4022 of the federal Coronavirus Aid, Relief, and Economic Security Act (the CARES Act) (Public Law 116-136), including any amendments or revisions to those provisions, pursuant to California Civil Code § 3273.10(d).

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Dated:  **MAR 2 2 2021**

Specialized Loan Servicing LLC

By:

Ami McKernan

Second Assistant Vice President

DEC 08 2021