Robert W. Norman, Jr. (SBN 232470)
Darlene M. Morris (SBN 340727)
HOUSER LLP
9970 Research Drive
Irvine, California 92618
Telephone: (949) 679-1111
Facsimile: (949) 679-1112
E-Mail: bnorman@houser-law.com

Attorneys for Defendant Specialized Loan Servicing, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOVA DONALD JAMES NOVOBILSKI, an Individual; and CATHY NOVOBILSKI, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>SPECIALIZED LOAN SERVICING, LLC, a Delaware Limited Liability Company; AFFINIA DEFAULT SERVICES, LLC, a Florida Limited Liability Company; and DOES 1 through 100; Inclusive,<br><br>Defendants. | Case No.: 2:22-cv-00147-MEMF-MAR<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**DEFENDANT SPECIALIZED LOAN SERVICING, LLC'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br><br>Case Filed: December 2, 2021<br>Case Removed: January 7, 2022 |

Defendant Specialized Loan Servicing, LLC ("SLS") hereby answers the First Amended Complaint [Dkt. 25] ("FAC") filed by Plaintiffs Nova Donald James Novobilski and Cathy Novobilski ("Plaintiffs") as follows:

## PARTIES

1. As to the allegations contained in paragraph 1 of the FAC, SLS lacks sufficient information or belief on which to admit or deny the allegations and, on that basis, denies them.

2. SLS admits the allegations contained in paragraph 2 of the FAC.

3. As to the allegations contained in paragraph 3 of the FAC, SLS lacks sufficient information or belief on which to admit or deny the allegations and, on that basis, denies them.

4. As to the allegations contained in paragraph 4 of the FAC, SLS lacks sufficient information or belief on which to admit or deny the allegations and, on that basis, denies them.

5. As to the allegations contained in paragraph 5 of the FAC, SLS lacks sufficient information or belief on which to admit or deny the allegations and, on that basis, denies them.

6. As to the allegations contained in paragraph 6 of the FAC, SLS lacks sufficient information or belief on which to admit or deny the allegations and, on that basis, denies them.

7. As to the allegations contained in paragraph 7 of the FAC, SLS lacks sufficient information or belief on which to admit or deny the allegations and, on that basis, denies them.

## JURISDICTION AND VENUE

8. SLS admits the allegations contained in paragraph 8 of the FAC.

///

///

///

9. As to the allegations contained in paragraph 9 of the FAC, SLS admits this Court has subject-matter jurisdiction over the causes of action alleged in the FAC. However, SLS denies that this Court is a court of general subject-matter jurisdiction.

10. As to the allegations contained in paragraph 10 of the FAC, SLS admits this Court has personal jurisdiction over SLS. SLS lacks sufficient information or belief on which to admit or deny the remaining allegations in paragraph 10 and, on that basis, denies them.

11. As to the allegations contained in paragraph 11 of the FAC, SLS admits this Court is the appropriate venue for this action. However, SLS denies that the cited California Civil Procedure sections are applicable to this federal court.

## **GENERAL ALLEGATIONS**

12. As to the allegations contained in paragraph 12 of the FAC, SLS lacks sufficient information or belief on which to admit or deny the allegations concerning Plaintiffs' primary residence or home for their family and, on that basis, denies them. SLS admits the remaining allegations in paragraph 12 of the FAC.

13. As to the allegations contained in paragraph 13 of the FAC, SLS admits Plaintiffs defaulted on their mortgage payments. SLS lacks sufficient information or belief on which to admit or deny the remaining allegations in paragraph 13 of the FAC and, on that basis, denies them.

14. As to the allegations contained in paragraph 14 of the FAC, SLS lacks sufficient information or belief on which to admit or deny the allegations and, on that basis, denies them.

15. As to the allegations contained in paragraph 15 of the FAC, SLS admits a Notice of Default and Election to Sell Under Deed of Trust was recorded against the subject property. SLS further admits a copy of the Notice of Default is attached to the FAC as Exhibit B. However, SLS denies the remaining allegations in paragraph 15 of the FAC.

16. SLS denies the allegations in paragraph 16 of the FAC.

17. As to the allegations contained in paragraph 17 of the FAC, SLS admits that Plaintiffs contacted SLS requesting a copy of the original signed loan documents and account information. SLS denies the remaining allegations in paragraph 17 of the FAC.

18. As to the allegations contained in paragraph 18 of the FAC, SLS admits that Plaintiffs contacted SLS to discuss loss mitigation options.

19. As to the allegations contained in paragraph 19 of the FAC, SLS denies that it never responded to Plaintiff or gave Plaintiffs loss mitigation information. SLS lacks sufficient information or belief on which to admit or deny the remaining allegations in paragraph 19 of the FAC and, on that basis, denies them.

20. As to the allegations contained in paragraph 20 of the FAC, SLS lacks sufficient information or belief on which to admit or deny the allegations and, on that basis, denies them.

21. SLS denies the allegations in paragraph 21 of the FAC.

## FIRST CAUSE OF ACTION

**(Violation of the Federal and Rosenthal Fair Debt Collection Practice Act Against All Defendants)**

22. In response to paragraph 22 of the FAC, SLS repeats, realleges, and incorporates by reference paragraphs 1 through 21 above, as though fully set forth herein.

23. As to the allegations contained in paragraph 23 of the FAC, SLS admits Plaintiff executed a Note on or about May 9, 2006 in the amount of $190,000.00 (the "Loan"). SLS further admits the Loan was secured against the subject property by a second position Deed of Trust. SLS further admits National City Bank of Indiana was the named trustee under the Deed of Trust, and National City Mortgage, a division of National City Bank of Indiana, a National Banking Association was the named beneficiary under the Deed of Trust. SLS lacks

sufficient information or belief on which to admit or deny the remaining allegations in paragraph 23 of the FAC and, on that basis, denies them.

24. As to the allegations in paragraph 24 of the FAC, SLS denies that Plaintiffs did not receive any statements on their loan for a number of years. SLS lacks sufficient information or belief on which to admit or deny the remaining allegations in paragraph 24 of the FAC and, on that basis, denies them.

25. As to the allegations contained in paragraph 25 of the FAC, SLS denies that illegal interest and other fees have accrued on the loan. SLS lacks sufficient information or belief on which to admit or deny the remaining allegations and, on that basis, denies them.

26. As to the allegations contained in paragraph 26 of the FAC, SLS denies that SLS violated a monthly statement mandate. SLS lacks sufficient information or belief on which to admit or deny the remaining allegations and, on that basis, denies them.

27. To the extent paragraph 27 of the FAC recites sections of the FDCPA, SLS admits the contents of the statute. SLS lacks sufficient information or belief on which to admit or deny the remaining allegations and, on that basis, denies them.

28. SLS denies the allegations in paragraph 28 of the FAC.

29. To the extent paragraph 29 of the FAC recites a section of the Rosenthal Fair Debt Collections Practices Act, SLS admits the contents of the statute. SLS lacks sufficient information or belief on which to admit or deny the remaining allegations and, on that basis, denies them.

30. SLS denies the allegations in paragraph 30 of the FAC.

31. SLS denies the allegations in paragraph 31 of the FAC.

/ / /
/ / /
/ / /
/ / /

## SECOND CAUSE OF ACTION

### (Violation of the Truth in Lending Act Against All Defendants)

32. In response to paragraph 32 of the FAC, SLS repeats, realleges, and incorporates by reference paragraphs 1 through 31 above, as though fully set forth herein.

33. As to the allegations contained in paragraph 33 of the FAC, SLS denies that Plaintiffs have not received any statements from SLS. SLS further denies that it has illegally accrued interest and other fees on Plaintiff's Loan and denies any violation of TILA. SLS lacks sufficient information or belief on which to admit or deny the remaining allegations and, on that basis, denies them.

34. SLS admits the allegations in paragraph 34 of the FAC.

35. SLS admits the allegations in paragraph 35 of the FAC.

36. SLS denies the allegations in paragraph 36 of the FAC.

37. As to the allegations in paragraph 37 of the FAC, SLS lacks sufficient information or belief on which to admit or deny the allegations and, on that basis, denies them.

38. SLS admits the allegations in paragraph 38 of the FAC.

39. SLS admits the allegations in paragraph 39 of the FAC.

40. As to the allegations in paragraph 40 of the FAC, SLS lacks sufficient information or belief on which to admit or deny the allegations and, on that basis, denies them.

41. As to the allegations in paragraph 41 of the FAC, SLS lacks sufficient information or belief on which to admit or deny the allegations and, on that basis, denies them.

/ / /

/ / /

/ / /

/ / /

42. As to the allegations in paragraph 42 of the FAC, SLS lacks sufficient information or belief on which to admit or deny the allegations and, on that basis, denies them.

43. SLS denies the allegations in paragraph 43 of the FAC.

44. SLS denies the allegations in paragraph 44 of the FAC.

45. As to the allegations in paragraph 45 of the FAC, SLS lacks sufficient information or belief on which to admit or deny the allegations and, on that basis, denies them. However, to the extent Plaintiffs are reciting section 1026.1(b) of TILA, SLS admits the contents of the statute.

46. SLS denies the allegations in paragraph 46 of the FAC.

47. SLS denies the allegations in paragraph 47 of the FAC.

## THIRD CAUSE OF ACTION

**(Violation of California Civil Code § 2924.17 Against All Defendants)**

48. In response to paragraph 48 of the FAC, SLS repeats, realleges, and incorporates by reference paragraphs 1 through 47 above, as though fully set forth herein.

49. - 57. SLS's motion to dismiss the FAC was granted as to allegations contained in paragraphs 49 through 57 of the FAC.

## FOURTH CAUSE OF ACTION

**(Promissory Estoppel Against Defendant SLS)**

58. In response to paragraph 58 of the FAC, SLS repeats, realleges, and incorporates by reference paragraphs 1 through 57 above, as though fully set forth herein.

59. - 64. SLS's motion to dismiss the FAC was granted as to allegations contained in paragraphs 59 through 64 of the FAC.

///

///

///

## FIFTH CAUSE OF ACTION

**(Negligent Misrepresentation Against SLS and Affinia)**

65. In response to paragraph 65 of the FAC, SLS repeats, realleges, and incorporates by reference paragraphs 1 through 64 above, as though fully set forth herein.

66. – 71. SLS's motion to dismiss the FAC was granted as to allegations contained in paragraphs 66 through 71 of the FAC.

## SIXTH CAUSE OF ACTION

**(Wrongful Foreclosure Against All Defendants)**

72. In response to paragraph 72 of the FAC, SLS repeats, realleges, and incorporates by reference paragraphs 1 through 71 above, as though fully set forth herein.

73. – 75. SLS's motion to dismiss the FAC was granted as to allegations contained in paragraphs 73 through 75 of the FAC.

## SEVENTH CAUSE OF ACTION

**(California Bus. & Prof. Code § 17200, *et seq*. Against All Defendants)**

76. In response to paragraph 76 of the FAC, SLS repeats, realleges, and incorporates by reference paragraphs 1 through 75 above, as though fully set forth herein.

77. – 97. SLS's motion to dismiss the FAC was granted as to allegations contained in paragraphs 77 through 97 of the FAC.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## AFFIRMATIVE DEFENSES

In further response to Plaintiffs' FAC, SLS hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

### FIRST AFFIRMATIVE DEFENSE
### (Truth/Accuracy of Information)

Plaintiffs' claims are barred because all information communicated by SLS to any third person was true.

### SECOND AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiffs have failed to mitigate their damages.

### THIRD AFFIRMATIVE DEFENSE
### (Independent Intervening Cause)

SLS is informed and believes and thereon alleges that if Plaintiffs sustained any injuries/damages alleged in the FAC, there was an intervening and superseding cause that led to such alleged injuries/damages and, as such, any action on the part of SLS was not a proximate cause of the injuries/damages.

### FOURTH AFFIRMATIVE DEFENSE
### (Conformity with Laws and Regulations)

At all times relevant to the above-captioned action, SLS acted in accordance with all applicable laws or regulations, and any claims predicated on any purported violation of any such laws or regulations are barred.

### FIFTH AFFIRMATIVE DEFENSE
### (Justification / Privilege)

The FAC and each claim for relief alleged therein is barred, in whole or in part, to the extent that SLS's alleged actions, if done at all, were justified and/or privileged.

/ / /

## SIXTH AFFIRMATIVE DEFENSE

### (Plaintiff Seeks Damages Not Legally Recoverable)

SLS alleges that Plaintiffs seek recovery for damages which they did not sustain, which are not legally recoverable, and/or which are not properly recoverable against SLS.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Material Violation)

SLS alleges that Plaintiffs fail to allege facts sufficient to establish an actionable material violation of the statutory provisions alleged in the FAC.

## EIGHTH AFFIRMATIVE DEFENSE

### (Barred by Doctrine of Unclean Hands)

SLS alleges that Plaintiffs' FAC, and each Claim therein, is barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

### (Damages)

SLS alleges that Plaintiffs did not suffer damages as alleged nor in any amount.

## TENTH AFFIRMATIVE DEFENSE

### (Bona Fide Error Defense)

The FAC and each claim for relief alleged therein is barred, in whole or in part, to the extent that SLS's alleged actions, if done at all, were not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid those types of errors.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

SLS acted reasonably, lawfully, and in good faith at all times material herein based on all relevant facts and circumstances known to it.

///

## TWELFTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Additional Affirmative Defenses)

As a separate and distinct affirmative defense to the FAC, SLS reserves the right to assert additional defenses which cannot now be articulated due to Plaintiffs' failure to particularize their claims and/or due to SLS'S lack of knowledge of the circumstances surrounding Plaintiffs' claims. SLS further alleges that at this time, it has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Upon further particularization of the claims by Plaintiffs or upon discovery of further information concerning Plaintiffs' claims, SLS expressly reserves the right to assert additional defenses at a later time.

## **PRAYER FOR RELIEF**

1. That Plaintiffs take nothing by way of their FAC;

2. That judgment is entered in favor of SLS;

3. That SLS be awarded their attorneys' fees and costs incurred in defending this action as a matter of contract and/or law; and

4. For such other relief as the Court deems just and proper.

Dated: September 1, 2022                    **HOUSER LLP**

   /s/ Robert W. Norman, Jr.
Robert W. Norman, Jr.
Darlene M. Morris
Attorneys for Defendant,
Specialized Loan Servicing, LLC

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 9970 Research Drive, Irvine, CA 92618.

On September 1, 2022 I served the following document(s) described as follows:

**DEFENDANT SPECIALIZED LOAN SERVICING, LLC'S ANSWER TO FIRST AMENDED COMPLAINT**

On the following interested parties in this action:

Timothy G. McFarlin (SBN 223378)
Fernando Leone (SBN 147933)
4 Park Plaza, Suite 1025
Irvine, California 92614
Phone: (949) 544-2640
Email: tim@mcfarlinlaw.com
Email: fernando@mcfarlinlaw.com
*Attorneys for Plaintiffs,*
*Nova Donald James Novobilski and Cathy Novobilski*

☒   E-FILING—By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

I declare under penalty of perjury, under the laws of the United States that the foregoing is true and correct.

Executed on September 1, 2022 at Riverside, California.

_____
Courtney Hershey